■ In the Matter of JOHN R. DAVISON et al., Appellants, v. HAMMOND ROBERTSON et al., Constituting the Board of Appeals of the Town of Bethlehem, et al., Respondents.— Petitioners applied for a special exception to a zoning ordinance permitting the maintenance of a fence. No special exception in the pertinent list sanctions petitioners' fence. The relief, if any, which would be appropriate would be an application for a variance. The dismissal of the petition at Special Term, therefore, was justified. Order unanimously affirmed, without costs, and without prejudice to further appropriate application to the Zoning Board. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.

■ EVELYN ILER, Appellant, v. ANTHONY RAIMONDI, Respondent.— Judgment and order unanimously affirmed, without costs. The question of respondent's negligence and appellant's freedom from contributory negligence were questions of fact for the jury. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ In the Matter of the Claim of ANTHONY MAZURKIEWICZ, Respondent, v. MARITIME MILLING COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The only issue on this appeal is the payment of $440.71 for partial disability subsequent to March 13, 1960. The balance of the award is not in dispute. The record discloses that during the period subsequent to March 13, 1960 the claimant was receiving unemployment insurance benefits due to a lack of work in the vicinity of Buffalo. There is no evidence in the record that associates his partial disability of dermatitis with loss of work, and there is accordingly no substantial evidence to sustain the finding of the board that "he has suffered a loss of earnings as a result of his disability". A further reading of the memorandum of the board suggests that while he had a partial disability both before and after the appellant plant closed, he attempted to seek work elsewhere and not finding any, the board decided he was entitled to compensation for loss of earnings. Such is not the rule. (*Matter of Fiorella* v. *Empire Worsted Mills*, 7 A D 2d 657; *Matter of Meyers* v. *Walsh Constr. Co.*, 12 A D 2d 371.) To be entitled to compensation for a claim of partial disability, there must be an association between the partial disability and the wage loss or diminution, as distinguished from loss of work due to economic conditions, retirement, voluntary withdrawal from the labor market or other factors not associated with the disability. Decision and award granting compensation to the claimant subsequent to March 13, 1960 reversed, with costs to the appellant against the Workmen's Compensation Board. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.