In the Matter of the Claim of FRANK W. LUX, Respondent, v. CHEVROLET BUFFALO DIVISION, GENERAL MOTORS CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Contrary to appellant's contention, there was substantial evidence that claimant's injury was the cause of his transfer to lighter work, at a lower wage rate. Although that rate later increased, the rate for the work that he formerly performed rose correspondingly; and under the familiar authorities (see *Matter of Croce* v. *Ford Motor Co.*, 307 N. Y. 125; *Matter of Czop* v. *Bethlehem Steel Co.*, 17 A D 2d 669; *Matter of Connor* v. *Bethlehem Steel Co.*, 11 A D 2d 578) the award was proper. As in *Croce*, which involved, *inter alia*, periods when the plant was closed down due to a strike, and in *Czop*, in which there was a general plant layoff, "claimant's wage earning capacity after disability should be determined on the basis of wages *actually received by him* during the period of partial disability, without regard for amounts the board thought claimant would have received had not respondent closed its plant on certain days during the period in question." (*Matter of Croce* v. *Ford Motor Co.*, *supra*, p. 130; emphasis as in original.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Taylor and Hamm, JJ., concur; Herlihy, J., concurs in the result; Reynolds, J., dissents and votes to reverse, in the following memorandum: The appellants in my view, because of the documentary proof have a very strong and compelling argument here that there is no substantial evidence to support the finding that this claimant did not return to his regular work in 1954. Further the record fails to show that claimant was doing anything but his regular work during the period between 1959 and 1963, and the board has not found otherwise. It is most doubtful that the award should be affirmed on these grounds. Additionally in my view a reappraisal by the courts of this type of case is indicated. Since the majority of the Court of Appeals decided *Matter of Croce* v. *Ford Motor Co.* (307 N. Y. 125) as they did, the problems created by their interpretation of section 15 of the Workmen's Compensation Law and our subsequent decisions (*Matter of Czop* v. *Bethlehem Steel Co.*, 17 A D 2d 669; *Matter of Connor* v. *Bethlehem Steel Co.*, 11 A D 2d 578) have led us to what to me is now an untenable position. In *Croce* the majority held that if a claimant sustained a continuing partial disability which affected his wage-earning capacity and thereafter his wages were subsequently reduced below their preinjury level for the period for which compensation is sought, albeit due to a strike, layoff or economic conditions, the reduced earnings are to be compensated for. Then in *Matter of Czop* v. *Bethlehem Steel Co.* (*supra*) where the claimant first was reduced to a four-day work week and then was laid off for seven and one fifth weeks due to economic condition, we followed *Croce* despite the fact that unlike *Croce*, where no earnings were received for certain days in the award period, there were in *Czop* whole periods in which no earnings were received. *Croce* was thus not a valid precedent for the decision in *Czop*, and whereas here the layoff is for the whole award period I fail to see how the injury can under any rationale be said to have any bearing at all on

the loss of earnings. Moreover, a re-examination of only *Czop*, which should be done in any event, would not really clear the air and, in fact, would, perhaps, create more anomalous situations. For example let us assume in a theoretical situation that due to a lack of work worker A is reduced from a 40 to 30-hour week and thus by one fourth of his former wages. Under *Croce* and *Connor* worker A would be entitled to two thirds of this one-fourth reduction as compensation. On the other hand what is the plight of worker B if the employer instead has him work three full weeks and then lays him off for the fourth? Under *Czop* worker B would receive compensation, but if we reverse the *Czop* holding he would not despite the fact that he was reduced exactly the same amount of time during the monthly period. Or again disregarding *Czop*, if during a strike worker A worked one-half day on the Monday of the week on which the strike began and one-half day the Friday of the next week when it ended, he would receive compensation for both weeks while if worker B worked at no time during the period he might be precluded from any coverage. Thus in my opinion merely overriding our position in *Czop* would not materially help the situation; rather there is needed a re-evaluation of the *Croce* decision, by the Court of Appeals, but if they feel bound by *stare decisis*, by action of the Legislature. Accordingly I vote to reverse and remand.