In the Matter of the Claim of ALEX RIGATTI, Respondent, v. GERARD LOLLO & SONS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed August 24, 1967. On October 17, 1961 claimant, then 70 years of age and employed as a carpenter, injured his back while pulling up 4 inch by 4 inch timbers from concrete forms and placing them on a scaffold. This injury was diagnosed as an acute left lumbosacral sprain with myositis, and treatment was rendered to March 7, 1962. Compensation was awarded for total and partial disability to March 12, 1962, and the case was closed on March 18, 1962 with a finding of no further disability. On April 4, 1965 the claimant, while removing 25 to 35 fireplace logs weighing from 10 to 20 pounds each from the trunk of his automobile and throwing them over a small wall, experienced pain across his back and down his left leg. A C-27 report indicating a total disability due to recurrent backache with radiation down the left leg for which hospitalization and treatment was necessary, was filed by Dr. Montgomery who had originally treated the claimant, and the case was reopened. On June 30, 1965 claimant underwent surgery for removal of a degenerative disc with adhesions at L4-L5 level, and a ruptured disc at L5-S1 level. The claimant had retired during 1964. The Workmen's Compensation Board, upon finding causal relationship between the injury on April 4, 1965 and the injury on October 17, 1961 determined that the 1961 injury was the precipitating and contributory factor in the ruptured disc, and that the carrier was responsible for one half of the disability and medical expense involved. The appellants contend that the claimant had voluntarily retired from the labor market, and is not entitled to compensation, and that the medical evidence on causal relationship is purely speculative and is, therefore, insufficient. The claimant testified that, when he was discharged in 1962 by Dr. Montgomery, he was told that he would "be able to do light work, something like that." Thereafter, he returned to carpentry work and quit one job after four or five weeks because the job required dragging 16 feet by 8 feet panels from the basement to the first floor and this was too heavy for him. Thereafter, he worked several months replacing window sash. This job he considered an easy job. When this job was finished he stated that "I used to go down to the hall to see if I could get a light job, but no light jobs — no light job come up, so I figured I better retire." The claimant had been semi-retired prior to October 17, 1961 taking only available jobs until he earned $1,200 since he was collecting his Social Security benefits. Drs. Montgomery, Howley and Echlin testified for the claimant, and each one testified that claimant's back disability, subsequent to April 4, 1965, was causally related to the work-connected accident of October 17, 1961. Dr. Montgomery stated with regard to claimant's 1965 disability, "I felt it was referable back to the 1961 injury." Dr. Howley, an orthopedic surgeon, testified relative to claimant's herniated disc and subsequent disability, "It is my opinion that the principal

factor for this is the injury of October of 1961." Dr. Echlin, the neurosurgeon who performed the disc operation, stated "I think that one must assume that the accident of 10/17/61 is causally related to this — to the herniated disc." He further testified that the original accident contributed in some degree directly or indirectly to the condition he found on the operation, and that "the incident of 1961 contributed to it." Dr. McLaughlin, an orthopedic surgeon, testified for the appellants and stated that in his opinion the injury was due solely to the accident on April 4, 1965, and that the accident in 1961 did not contribute to the injury, since the history and the evidence indicated that the claimant had no complaints during the interim, and that there was no evidence of disc injury in the 1961 episode. There is substantial evidence in the record to support the board's finding of causal relationship. It is for the board to determine the qualification of experts and the weight to be given their opinions. Since both sides produced competent expert opinion, the board could decide which evidence it believed to be more credible. (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529; *Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414.) Appellants contend that claimant voluntarily withdrew from the labor market in 1964 and is, therefore, not entitled to further compensation. "The fact claimant retired or is laid off from his job does not preclude an award where there is a subsequent loss of wage-earning capacity which is due to claimant's disability rather than to old age, general economic conditions or other factors unconnected with his disability." (*Matter of O'Connell* v. *New York State Workmen's Compensation Bd.*, 14 A D 2d 945, mot. for lv. to app. den. 11 N Y 2d 641.) The claimant here retired after he was unable to find employment which required only light work. The 1961 injury was a contributing factor to the limitation of his ability to work, particularly to perform the same kind of work he did before the accident. His retirement, therefore, was not entirely voluntary, was causally related to his disability, and the board's determination to that effect is supported by substantial evidence. If the disability was the cause or even a contributing factor to reduced earnings, an award may be made. (*Matter of Fromm* v. *Rochester Tel. Corp.*, 22 A D 2d 728; *Matter of Luizzi* v. *Tobin Packing Co.*, 29 A D 2d 1016.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.