■ In the Matter of the Claim of VINCENT A. COLLETTI, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from an amended decision of the Workmen's Compensation Board, filed December 27, 1973, which determined that claimant was entitled to an award of compensation for the period from July 14, 1971 to February 22, 1972. Claimant suffered a compensable back injury on April 6, 1968, was subsequently hospitalized, and returned to work on November 4, 1968. Prior to his injury he had been a telephone installer, but as a result of said injury which resulted in a classification of permanent partial disability, he was restricted to work not involving lifting or bending, and ultimately was working full time at a desk job. Claimant's pains persisted until 1970, and in July of that year a second laminectomy was performed. Claimant again missed working for an extended period of time and returned on November 12, 1970. Claimant's work thereafter continued uninterrupted until July 14, 1971, and during that period he lost no time and earned in excess of his established weekly wage. On July 14, 1971 he ceased working because of a strike against the employer, the New York Telephone Company, and returned to work when the strike ended on February 22, 1972, and subsequent thereto earned in excess of his established weekly wage. In making its award, the board found that claimant's continuing causally related disability was "a limiting factor in his search for other employment and he is therefore entitled to a reduced earning award." While claimant testified that the condition of his back prevented him from seeking employment during the strike, he also testified that he felt that he would be better off if he did not find a job where he might run the risk of

getting hurt, wherefore he would be able to return to his position with the employer when the strike ended. He admitted that he did not in fact look for other work during the strike, and offered no testimony as to why he could not have sought work with light duties. On this state of the record, in the absence of any proof as to whether light work might have been available to the claimant, and where claimant admittedly failed to seek such work, we are forced to conclude that the board's finding that his disability was a limiting factor, is speculative and does not have the support of substantial evidence. Had claimant sought lighter work and been refused same, the board could properly have found a partial connection between his disability and his reduced earnings. The evidence presented here, however, only allows the conclusion that his wage loss during the period in question resulted solely from the strike. In these circumstances, the loss of work is "due to economic conditions * * * voluntary withdrawal from the labor market or other factors not associated with the disability", and therefore is not compensable *(Matter of Mazurkiewicz v Maritime Milling Co.,* 18 AD2d 740). Respondent refers to *Matter of Croce v Ford Motor Co.* (307 NY 125), *Matter of Lovell v Berman's Motor Express* (35 AD2d 765), *Matter of Lux v Chevrolet Buffalo Div., General Motors Corp.* (25 AD2d 593, affd 19 NY2d 692) and other cases, where in making awards for reduced earnings, periods during which the respective claimants had been out of work due to layoff or strike were not held to reduce claimants' entitlement to benefits. In all those cases, however, it was established that the respective claimants had suffered a reduction in earnings prior to their periods of temporary unemployment, and the only question before the court was whether in computing the *amount* of the award where entitlement to some award was not in dispute, those periods should be considered. The result in those cases was based upon the statutory formula requiring reduced earning awards to be based on actual earnings. Equally inapposite are cases such as *Matter of Rigatti v Lollo & Sons* (31 AD2d 871) where it was found that a claimant's retirement had been precipitated at least in part by a disabling work-connected injury and that an actual subsequent search for work had been unsuccessful because of the restrictions upon the kinds of labor which could be performed. Here, however, the question before us is whether claimant has established a causal relationship between his disability and his wage loss, and since the record shows that he had not suffered a reduction in earnings because of his disability prior to the strike, he is not entitled to compensation. Decision reversed, and claim dismissed, with costs to appellant against the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.